**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000759
24-JUN-2022
08:30 AM
Dkt. 48 SO**

NO. CAAP-20-0000759

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
JASON F. TENGAN, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DTA-20-00442)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Wadsworth and McCullen, JJ.)

Defendant-Appellant Jason F. Tengan (**Tengan**) appeals from the District Court of the Second Circuit, Wailuku Division's (**district court**) December 9, 2020 Judgment and Notice of Entry of Judgment.[1]

On appeal, Tengan contends the district court erred by denying his Motion to Suppress because there was no reasonable suspicion to stop his vehicle.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Tengan's point of error as follows, and affirm.

---

[1] The Honorable Douglas J. Sameshima presided.

The State charged Tengan with (1) Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1), and/or 291E-61(a)(3) (Supp. 2019),[2] (2) Inattention to Driving, in violation of HRS § 291-12 (Supp. 2019),[3] and (3) Accidents Involving Damage to Vehicle or Property, in violation of HRS § 291C-13 (Supp. 2019).[4]  After entering into a conditional guilty plea and reserving his right to appeal, Tengan was convicted of OVUII and Operating Generally, in violation of Maui Traffic Code (**MTC**) § 10.52.010.[5]

---

[2] HRS § 291E-61 provides, in pertinent part, as follows:

> (a)  A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>
> > (1)  While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty;
>
> . . . .
>
> > (3)  With .08 or more grams of alcohol per two hundred ten liters of breath[.]

[3] HRS § 291-12, Inattention to Driving, provides as follows:

> Whoever operates any vehicle negligently as to cause a collision with, or injury or damage to, as the case may be, any person, vehicle or other property shall be fined not more than $500 or imprisoned not more than thirty days, or both, and may be subject to a surcharge of up to $100, which shall be deposited into the trauma system special fund.

[4] HRS § 291C-13, Accidents Involving Damage to Vehicle or Property, provides as follows:

> The driver of any vehicle involved in an accident resulting only in damage to a vehicle or other property that is driven or attended by any person shall immediately stop such vehicle at the scene of the accident or as close thereto as possible, but shall forthwith return to, and in every event shall remain at, the scene of the accident until the driver has fulfilled the requirements of section 291C-14.  Every stop shall be made without obstructing traffic more than is necessary.

[5] As part of the Maui County Code, MTC § 10.52.010, Operation Generally, provides that "[e]very operator of a motor vehicle shall exercise
(continued...)

Tengan claims there was no reasonable suspicion to stop his vehicle because Maui Police Department Officer Caleb Guariello (**Officer Guariello**) "did not receive information from [the complaining witness] that Tengan violated any offense, criminal or otherwise. Similarly, prior to pulling Tengan's vehicle over, the officer did not observe Tengan commit any violations." Tengan, thus, argues that "Officer Guariello did not have objective specific and articulable facts to support the stop."

The Hawaiʻi Supreme Court "has held that a stop of a vehicle for an investigatory purpose constitutes a seizure within the meaning of the constitutional protection against unreasonable searches and seizures." State v. Heapy, 113 Hawaiʻi 283, 290, 151 P.3d 764, 771 (2007) (citation, internal quotation marks, and brackets omitted). A "narrowly defined exception to the warrant requirement is that a police officer may stop an automobile and detain its occupants if that officer has a reasonable suspicion that the person stopped was engaged in criminal conduct." Id. (citation, internal quotation marks, emphasis, and ellipsis omitted).

But, "the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 291, 151 P.3d at 772 (citation and internal quotation marks omitted). "The totality of the circumstances

_____

[5](...continued)
due care in the operation of such vehicle upon any highway in order to avoid colliding with any vehicle, pedestrian, other object, or embankment on or off the roadway."

measured by an objective standard, must indicate that criminal activity is afoot." Id. at 292, 151 P.3d at 773 (citation and emphasis omitted).

Reasonable suspicion does not require an officer to prove every element of a crime was committed. United States v. Blessinger, 752 F. App'x 765, 770 (11th Cir. 2018) ("[R]easonable suspicion does not require proof that every element of the offense has been met."); State v. Sisson, 417 P.3d 268, No. 117,198, 2018 WL 2072802 at *3 (Kan. Ct. App. May 4, 2018) (MO) (explaining that the state does not need to prove every element of the crime, only show officer reasonably believed the crime had been or was being committed based on totality of circumstances); Texas Dep't of Pub. Safety v. Axt, 292 S.W.3d 736, 739 (Tex. Ct. App. 2009) ("The state is not required to show an offense was actually committed or to prove every element of a specific offense" for reasonable suspicion).

Here, Officer Guariello testified he heard over the radio there was a motor vehicle accident at Jack in the Box at 700 Lower Main and proceeded to that location. The complaining witness waived him down and informed him that the car that hit her left the scene going up Lower Main towards Waena. She also provided a description of the car, a white sedan like a Crown Victoria with the license plate "LET 480."

Officer Guariello left the scene, and located a white car around the intersection of Lower Main and Waena. After confirming that the license plate matched, Officer Guariello stopped the car and identified Tengan as the driver.

4

With information from the complaining witness, Officer Guariello had specific and articulable facts that constituted reasonable suspicion to stop Tengan.  Officer Guariello knew a motor vehicle accident was reported, he knew the description and license plate number of the car that left the scene of the accident, and he knew the direction in which the responsible car drove.  Officer Guariello located a car matching the description and license plate number in the location described by the complaining witness.  Under these circumstances, Officer Guariello had specific and articulable facts that, taken together with rational inferences from those facts, reasonably warranted stopping Tengan.

Officer Guariello need not have been told there was actual damage, or seen the damage himself under the circumstances of this case.  Notably, Inattentive Driving and Operation Generally do not require damage to a vehicle.  Nonetheless, the information Officer Guariello obtained from the complaining witness was specific enough to warrant a traffic stop.  Thus, the district court did not err by denying the Motion to Suppress.

Based on the foregoing, we affirm the district court's December 9, 2020 Judgment and Notice of Entry of Judgment.

DATED:  Honolulu, Hawaiʻi, June 24, 2022.

| On the briefs: | /s/ Katherine G. Leonard |
| | Presiding Judge |
| Taryn R. Tomasa, | |
| Deputy Public Defender, | /s/ Clyde J. Wadsworth |
| for Defendant-Appellant. | Associate Judge |
| | |
| Mark R. Simonds, | /s/ Sonja M.P. McCullen |
| Deputy Prosecuting Attorney, | Associate Judge |
| County of Maui, | |
| for Plaintiff-Appellee. | |